ROBERT L. BLAND, Judge.
On the 16th day of March 1933, Floyd Swiger, Jr., a child of claimant, aged seven years, was run over and severely injured by state road commission truck no. 430-1, on east Main street, in the city of Salem, Harrison county, West Virginia, being a part of u. s. route no. 50. The accident occurred about eight o’clock in the morning near the store of Troy E. Davis, and a short distance from Harden school, but outside of the school zone limits. The boy’s parents resided over the Davis store. The boy entered the store and purchased some candy. He then left the store and went out into the street where two automobiles were parked. He stood between these cars and waited until a state road commission truck, traveling westward, had passed. He thereupon attempted to quickly cross the street or highway, when he was struck, knocked down and run over by a second state road commis *94 sion truck, operated by one Harry Richards, which was folio-wing the truck that had passed the child. The youth had failed to observe the approach of the second truck.
After the accident Dr. Edward Davis, of Salem, was called and administered emergency treatment. The boy was subsequently removed to the St. Mary’s hospital in Clarksburg, where he was given medical and surgical care and, attention. Claimant, father of the child, seeks an award for the reasonable expenses incurred by him in the treatment and care of his son. The record shows that he has incurred expenses amounting in the aggregate to $321.40.
The only eye witness of the accident to testify in support of the claim was one Parley Sparks. Giving full weight and credit to his evidence it clearly appears therefrom that the accident was unavoidable. We cannot find from such evidence that there was negligence on the part of the driver of the state road commission truck. This driver testified that he did not see the boy until he darted from between the two parked cars in front of his truck. The accident could not have been avoided.
Under the facts disclosed by the record we cannot find the claim to be one that should be paid under the provisions of the court of claims act.
An award, therefore, is denied, and the claim dismissed.